UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-438-SDM-CPT

AARON THOMPSON
_____/

**O R D E R**

Before the Court are pro se Defendant Aaron Thompson's construed motions primarily seeking a Court order requiring the Florida Department of Corrections (FDOC) to place him in protective custody and to have the Court consider an exhibit as part of his protective custody request. (Docs. 48, 49, 53). For the reasons discussed below, Thompson's construed motions are granted in part and denied in part.

I.

In July 2023, Thompson pleaded guilty to two counts of mailing a threatening communication in violation of 18 U.S.C. § 876(c). (Docs. 31, 37). Three months later, in October 2023, the Court sentenced Thompson principally to a forty-one-month term of imprisonment, to run consecutively to a state court sentence Thompson was serving for aggravated battery, aggravated assault, robbery, and kidnapping. (Docs. 39, 43). According to the government, Thompson is currently being housed by the FDOC in a state correctional facility in Raiford, Florida and will commence his federal sentence after his expected release date on his state charges in early September 2036. (Doc. 51).

By way of his instant motions, Thompson asks that the Court enter an "injunction" mandating the FDOC to institute a "permanent protective custody management" regime for him in the state prison system and to have the United States Marshals Service open an investigation. (Docs. 48, 49). In support of this relief, Thompson avers that he has been subjected to violence while serving his state sentence in violation of the United States Constitution. *Id*. Thompson also moves to incorporate what appears to be a formal protective custody request he made to the FDOC, which the FDOC denied in April 2024. (Doc. 53-1).

II.

It is well settled that federal courts do not have the general authority to issue a writ of mandamus compelling state officials in the performance of their duties. *See, e.g.*, *Lawrence v. Miami-Dade Cnty. State Attorney's Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam)[1] ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.") (quoting *Lamar v. 118th Jud. Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971)[2]); *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977) ("[F]ederal courts have no authority . . . to fire state employees or to take over the performance of their functions."), *rev'd in part on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978). Nor do federal courts normally interfere with

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.
[2] The Eleventh Circuit, in its en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

the internal administration of the state prison system. *See Godhigh v. Sec'y, Dep't of Corrs.*, 2022 WL 2066041, at *1 (M.D. Fla. June 8, 2022) ("[D]istrict courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement.") (citing *Young v. Wainwright*, 449 F.2d 338, 338 (5th Cir. 1971)).  Federal courts also do not have the "authority to order . . . federal law enforcement agencies or prosecutors to initiate investigations or prosecutions." *Johnson v. United States*, 2023 WL 2228054, at *1 (M.D. Fla. Jan. 10, 2023) (citing *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015)).  For these reasons, as well as those set forth in the government's response (Doc. 51), Thompson's construed motions for protective custody (Doc. 48, 49) are denied.  Thompson's construed motion to have the Court consider the exhibit (Doc. 53), however, is granted.

Notwithstanding this ruling, Thompson may—as the government suggests (Doc. 51 at 4)—commence a civil action by filing a well-pleaded complaint that asserts the allegations in his construed motions and that names the proper parties as defendants.  *See Godhigh*, 2022 WL 2066041, at *1 (recommending a pro se inmate, who brought a mandamus petition against the FDOC on the grounds that his rights—"constitutional[ ] or otherwise"—had been violated, to "pursue any available remedies through the prison grievance procedure or through a civil rights action, as appropriate").

III.

Based upon the foregoing, Thompson's construed motions for protective custody (Doc. 48, 49) are denied and his construed motion to have the Court consider an exhibit (Doc. 53) is granted.

SO ORDERED in Tampa, Florida, this 5th day of June 2024.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Pro se Defendant