UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:22-cr-438-SDM-CPT

AARON THOMPSON
_____/

**O R D E R**

Before the Court are five motions filed by pro se Defendant Aaron Thompson. (Docs. 154, 157, 158, 166, 178). For the reasons set forth below, Thompson's motions are denied.

I.

In February 2023, Thompson was arraigned on an indictment charging him with three counts of mailing interstate threats in violation of 18 U.S.C. § 876(c). *See* (Docs. 1, 12). At that initial proceeding, the Court found Thompson to be indigent and appointed the Office of the Federal Public Defender (FPD) to represent him. (Docs. 12, 15).

Roughly five months later, in July 2023, Thompson entered a guilty plea to two of the interstate threat counts pursuant to a written plea agreement with the government. (Docs. 31, 36, 37). At Thompson's subsequent sentencing hearing in October 2023, the Court sentenced him principally to a forty-one-month term of

imprisonment, which was to run consecutively to a state court sentence Thompson was serving for kidnapping, robbery, aggravated battery, and aggravated assault. (Docs. 39, 43).

Following his sentencing hearing, Thompson filed multiple notices of appeal (Docs. 72, 75, 77, 92), which the Eleventh Circuit later consolidated, *see United States of America v. Thompson*, Nos. 25-10058, 25-10134, 25-10176, 25-10225 (11th Cir. 2025). In connection with Thompson's consolidated appeal, the FPD moved to withdraw as counsel of record and to have a conflict-free lawyer assigned to represent him. *See United States of America v. Thompson*, Nos. 25-10058, 25-10134, 25-10176, 25-10225, at (Doc. 16) (11th Cir. Mar. 26, 2025). The Eleventh Circuit granted the FPD's motion and designated Criminal Justice Act (CJA) attorney Anne Borghetti to serve as Thompson's appellate counsel. *See id.* at (Doc. 23) (11th Cir. May 23, 2025).

Despite the pendency of his appeal, Thompson filed more than twenty pro se motions in the period leading up to August 2025 seeking, *inter alia*, permission to proceed in forma pauperis on appeal and a transfer to a different detention center. The Court denied Thompson's in forma pauperis applications as moot because Thompson was not required to pay the filing fee to continue with his appeal and—as noted above—counsel had been appointed to represent him. (Doc. 149). The Court denied the bulk of Thompson's other filings as "redundant, meritless, incoherent, or vexatious." (Doc. 143).

Thompson separately moved for the retroactive application of sentencing guidelines pursuant to Amendment 821. (Doc. 69). The Court assigned a CJA lawyer to assist Thompson in that proceeding (Doc. 170), and Thompson's Amendment 821 motion remains pending (Doc. 69).

More recently, Thompson moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 169). The Court dismissed Thompson's section 2255 motion for lack of jurisdiction in light of Thompson's on-going appeal. (Doc. 173).

Notwithstanding the foregoing, Thompson filed nearly a dozen more pro se motions beginning in August 2025, five of which have been referred to me. *See* (Docs. 154, 157, 158, 166, 178). These submissions contain an array of muddled and disjointed averments pertaining to various forms of relief. Although difficult to decipher, I will endeavor to address each these sought-after forms of relief in turn.

## II.

### A.

In two of his motions, Thompson asks the Court to appoint him a "conflict free" attorney for "all proceedings" and a psychologist with "experience in chronic substance abuse." (Docs. 158, 178). Thompson additionally asks the Court to schedule a "re-sentencing evidentiary hearing" to apply the "new retroactive guidelines." *Id*. To buttress these requests, Thompson asserts, *inter alia*, that he has and/or will suffer multiple constitutional injuries, and that his rights under the

Americans with Disabilities Act will be violated. *Id.* These requests do not survive scrutiny.

It is well settled that a defendant does not have a Sixth Amendment right to a lawyer for purposes of collaterally attacking his conviction and sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) ("[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding."). While an incarcerated federal defendant may nonetheless seek the appointment of an attorney to aid him in a section 2255 proceeding, such an appointment is within a court's discretion and, in the case of a financially indigent defendant, may be awarded only if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (per curiam) ("When a party does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel.") (citing 28 U.S.C. § 2255(g); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (per curiam)).[1]

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

The interests of justice do not warrant assigning another lawyer to represent Thompson here. As explained above, Thompson has been appointed separate CJA attorneys for his appeal and Amendment 821 proceeding. To the extent Thompson seeks the assistance of an attorney to investigate his case and presumably to prepare another section 2255 petition, his request is premature. *See United States v. Pinkston*, 2014 WL 12857426, at *1 (S.D. Ga. Feb. 18, 2014) (denying a motion to appoint counsel in connection with a forthcoming section 2255 petition) (collecting cases); *United States v. Perry*, 2009 WL 10708656, at *1 (S.D. Ga. Sept. 17, 2009) (same).

Thompson's request for the appointment of a psychologist specializing in "chronic substance abuse" is likewise deficient. A federal court may, upon an ex parte application, authorize assigned counsel to retain an expert if the court finds that the expert's services are "necessary for adequate representation" and that the defendant is "financially unable to obtain them." 18 U.S.C. § 3006A(e)(1). Although Thompson has been deemed indigent, he does not provide a sufficient explanation why this type of expert is vital to his defense with respect to his various challenges.

Thompson's demand for a "re-sentencing evidentiary hearing" to apply the "new retroactive guidelines" is similarly infirm. Among other things, Thompson does not adequately identify the "new retroactive guidelines" to which he is referring or the basis for convening a "re-sentencing evidentiary hearing" at this juncture. *See United States v. Lopez*, 674 F. App'x 876, 878 (11th Cir. 2016) (per curiam) (finding that the defendant's motion for a sentence reduction based on an amendment to the sentencing

guidelines "did not constitute a full de novo resentencing" and that the district court therefore "did not abuse its discretion in declining [the defendant's] request for a [re-sentencing] hearing").

B.

In another of his motions, Thompson seemingly asks that he be transferred from the state correctional facility where he is currently being housed to one offering more robust research materials. (Doc. 154). This motion also lacks merit.

To begin, federal courts ordinarily do not meddle in the internal management of the state prison system. *See Godhigh v. Sec'y, Dep't of Corrs.*, 2022 WL 2066041, at *1 (M.D. Fla. June 8, 2022) ("[D]istrict courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement.") (citing *Young v. Wainwright*, 449 F.2d 338, 338 (5th Cir. 1971)[2]). Moreover, although state officials may not impede a detainee's access to the courts, *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986), a detainee must show that he has sustained an actual injury to assert a valid access-to-the-courts claim—i.e., that the conduct of the prison's personnel "hindered his efforts to pursue a legal claim," *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thompson does not demonstrate that his supposedly limited access to the law library where he is incarcerated requires the Court to disturb his housing arrangement.

---

[2] The Eleventh Circuit, in its en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

C.

In his two remaining motions, Thompson requests vacatur of his sentence on the grounds that he is in the possession of newly discovered evidence, that his trial counsel was ineffective, and that the attorneys who prosecuted him engaged in misconduct. (Doc. 157). Thompson also maintains that his sentence should be vacated because the "respondents"—who he identifies as Christopher Wray (presumably the former director of the Federal Bureau of Investigation), the "AAG office," and unidentified U.S. Postal Service inspectors—committed a fraud on the Court. (Doc. 166). And Thompson seemingly further avers that perjured testimony was presented to the grand jury in his case, that a "sealed" juvenile DUI was improperly used in calculating his sentence, and that the government "broke its plea bargain not to make a sentence recommendation" on his behalf. *Id*. These motions fail as well.

As an initial matter, Thompson's claims appear to be largely duplicative of those raised in his section 2255 motion (Doc. 84), which—as noted above—the Court dismissed for lack of jurisdiction in light of his pending appeal (Doc. 96). Even were that not the case, Thompson's assertions do not seem to be properly substantiated.[3]

---

[3] Along with the above relief, Thompson repeatedly insists in his motions that the Court "immediate[ly] release" him. *See, e.g.*, (Doc. 166 at 10). This request is frivolous and undeserving of any further discussion.

III.

Based upon the foregoing, Thompson's motions (Docs. 154, 157, 158, 166, 178) are denied.

SO ORDERED in Tampa, Florida, this 13th day of November 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Pro se Defendant